## FREEDOM CASKET CO. v. McMANUS.

(Circuit Court of Appeals, Third Circuit. November 12, 1914.)

### No. 1868.

1. MASTER AND SERVANT (§ 153*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—DUTY TO WARN AND INSTRUCT.

When a servant is taken by the master from his ordinary employment, and put at work that he never before has done, there rests upon the master the duty of instructing the servant with respect to the methods and the dangers of the new kind of work, and such duty is an absolute one, for the performance of which the master is personally responsible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 314–317; Dec. Dig. § 153.*]

2. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY.

Plaintiff, who was employed as an unskilled workman in defendant's works, was set to operate a circular saw fixed in a table for sawing boards. He had never done such work, and at the very beginning his hand was caught by the saw and injured. There was a guard fixed above the saw for the protection of the operator, but plaintiff was not instructed as to its purpose or mode of adjustment. While the foreman showed him how the saw was operated and gave him certain instructions, there was a conflict of testimony as to their nature and extent, and as to whether

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the guard was properly placed. *Held*, that the case was properly submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

3. MASTER AND SERVANT (§ 121*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—"PROPER GUARD."

Under Factory Act Pa. May 2, 1905 (P. L. 352), requiring the use of safety appliances on dangerous machines, the avowed purpose of which is "to provide for the safety of all employés in industrial establishments," a "proper guard" on a dangerous machine means, not merely the presence of a proper guard on a machine, but that it shall be so used and adjusted as to be effective, and the failure of the master to comply with both of such requirements constitutes actionable negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 228–231; Dec. Dig. § 121.*

For other definitions, see Words and Phrases, Second Series, Proper Guard.]

In Error to the District Court of the United States for the Western District of Pennsylvania; William H. Hunt, Judge.

Action at law by Thomas McManus against the Freedom Casket Company. Judgment for plaintiff, and defendant brings error. Affirmed.

William S. Dalzell, of Pittsburgh, Pa., for plaintiff in error.

Meredith R. Marshall, of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. The plaintiff below, hereinafter called the plaintiff, received injuries while operating a circular saw in the works of the defendant below, hereinafter called the defendant, to recover damages for which this action was brought. The testimony tends to show that the plaintiff was a man of about 23 years of age and was employed as an unskilled workman about the plant of the defendant. He knew from observation something about locomotive machinery, but knew nothing about saws. After being employed by the defendant for a period of 10 days and being theretofore engaged only in work of a general character, the foreman set the plaintiff to work cutting boards with a circular saw. The saw operated through a slot in a table, extending or protruding above the upper surface of the table about 1¼ inches. The table was so constructed that its elevation could be adjusted to increase or decrease the exposure of the saw above its surface. Above the table and overhanging the saw was an iron guard, in length equal to the upper arc of the saw and about two inches in width, and situate about 2½ inches above the top of the saw, or from 3 to 3½ inches above the top of the table. The presence and purpose of this guard was to protect the operator from injury, in conformity with the requirements of the Pennsylvania act of 1905 (P. L. 355), known as the "Factory Act."

Before entering upon the work, the foreman gave the plaintiff certain instructions respecting the manner of cutting boards and operat-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing the saw, which instructions consisted chiefly in cutting three boards and showing the plaintiff the position in which to stand and the manner of holding the boards and of driving them into the saw. After putting a board through the saw, a strip cut from the board would remain upon the table close to the saw, which the foreman removed by displacing it with his fingers and casting it aside. The foreman did not instruct the plaintiff relative to the purpose of the guard, nor to the necessity of adjusting it with relation to the thickness of the board being cut, nor to the manner of adjusting it by the use of the thumb screws by which its position could be controlled. In fact, no reference was made by the foreman in his instructions to the plaintiff respecting the guard, or its use, purpose or adjustment.

The injury to the plaintiff occurred in his attempt to remove from the side of the saw the waste strip which had been cut upon the first piece of work that he had attempted after receiving the instructions of the foreman.

The acts of negligence charged to the defendant among others, were:

First, the master's failure to give its servant proper instructions in operating a machine with which he was unfamiliar and to warn him of its dangers; and

Second, its failure to provide a proper guard, as required by the act of assembly, known as the "Factory Act," and its failure to instruct him how to use and adjust the same.

The defendant contended that it furnished the plaintiff a sufficient guard in conformity with the statute, and through the foreman gave him sufficient and proper instructions how to operate the machine with safety, the dangers of the same being apparent alike to the plaintiff and the defendant, and that the injuries to the plaintiff were caused by his own negligence.

The jury rendered a verdict for the plaintiff, and the error assigned is the refusal of the trial court to instruct the jury to render a verdict for the defendant.

[1] First. There was a conflict of testimony respecting the nature and extent of the instructions given. For the plaintiff it was testified that the foreman gave him no warning of the dangers of the machine, and that when the injury occurred he was removing the waste strip from the side of the saw in the way in which he had been shown. For the defendant it was testified that, to have received his injury, the plaintiff must have deliberately put his hand under the guard and against the saw, and by his own negligence, therefore, contributed to or caused his own injury.

It is a recognized principle of law that, when a servant is taken by his master from his ordinary employment and put at work that he never before had done, there rests upon the master the duty of instructing the servant with respect to the methods and the dangers of the new kind of work. In Peters v. George, 154 Fed. 634, 639, 83 C. C. A. 403, 413, Judge Gray, speaking for this court, said:

"The master does not insure the safety of the servant, but he does undertake that the place in which he works, and the appliances with which he works, and the conditions under which he works, shall be reasonably safeguarded. * * * It has never been doubted that a master's duty to an ig-

norant or inexperienced workman, indeed to any workman about to undertake more than ordinarily dangerous work, is to explain its dangerous character and give adequate caution as to its prosecution. This duty is of the absolute personal character above referred to, and is not discharged by merely intrusting its performance to a properly selected subordinate. Nothing short of actual notice of the danger to the workman who is to encounter it, with such cautionary explanation as may enable him to avoid it, will satisfy the requirement of the law, and the default of the intermediary, whether he be the highest officer in control, or merely a fellow workman of the one exposed to the danger, is the default of the master."

[2] Applying this principle of law to a situation which may reasonably be inferred from the controverted state of the testimony respecting the absence of warning and the extent of the instructions given by the master to the plaintiff as its unskilled employé, we are of the opinion that the court below committed no error in submitting this issue to the jury.

[3] Second. There is no conflict of testimony in this case respecting the purpose of the guard placed above the saw, but there is a radical conflict of testimony as to what is a proper adjustment of the guard with relation to the saw in order to secure the safety intended by its presence. The board which the plaintiff was sawing was seven-eighths of an inch thick. There was testimony that, in order for the guard to give the protection intended, the guard should be adjusted one-eighth to one-quarter of an inch above the board, just so the board could pass freely beneath it; and, if this be true, a proper adjustment of the guard in this instance, and under certain of the testimony, would have been from 1 inch to 1⅛ inches above the surface of the table. It was admitted by the defendant that the guard was from 3 to 3½ inches above the table, and there was testimony that it was from 3½ to 4 inches above the table, and that it was not adjusted by the foreman, nor did the foreman instruct the plaintiff how to adjust it, for the work that he was set to do. There was further testimony that a proper adjustment of about an inch above the table might and probably would have prevented the plaintiff's injury, while the adjustment of from 3 to 4 inches above the table was no protection at all. Opposed to this there was testimony that, at the elevation at which it was adjusted, the guard was a complete protection against the dangers of the machine to an operator who was not himself negligent.

The avowed purpose of the statute requiring the use of safety appliances upon dangerous machines is "to provide for the safety of all employés in industrial establishments," and the requirement that these machines be properly guarded means "effectively guarded in the light of the dangers to be anticipated," and the failure of the master to comply with this act constitutes actionable negligence. American Ice Co. v. Porreca, 213 Fed. 185, 129 C. C. A. 529.

It has been the policy of this court to construe this statute broadly, in accord with its purpose to prevent avoidable harm. A proper-guard upon a dangerous machine means not merely the presence of a proper guard upon the machine, but of a guard properly used and adjusted; and instructions which the law requires a master to give an employé unfamiliar with the dangers of a machine upon which he is put to work, when such a machine is required by the Factory Act to be properly

guarded, contemplate instructions with respect to the purpose, use, and adjustment of the guard for the safety of the operator quite as well as instructions in the manner of operating the machine itself.

In the conflict of testimony respecting the elevation of the guard over a dangerous part of the machine and its effectiveness as a protection against the dangers of the machine, as well as from the undisputed testimony concerning the conduct of the plaintiff in exposing his hand to injury by placing it under the guard and near the saw, we are of opinion that fair-minded men might reasonably draw different conclusions concerning negligence of the defendant and contributory negligence of the plaintiff, and when such differing conclusions can reasonably be drawn from evidence that is either in conflict or undisputed, questions of negligence remain questions of fact and should not be withdrawn from the jury. Texas & Pacific Ry. Co. v. Harvey, 228 U. S. 319, 324, 33 Sup. Ct. 518, 57 L. Ed. 852. The court below committed no error in submitting these issues to the jury and in refusing to bind the jury to render a verdict for the defendant.

The judgment below is affirmed.